JAMES PENN, for the use of, &c. *v.* JOHN W. CROCKETT AND W. H. GARLAND.

The wife, upon a valid claim, obtained judgment against her husband, and also judgment for separation of property; he made a sale in payment of her rights, under the judgment, and the fairness of it was not impeached. The sale was held to be valid.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *A. N. Ogden*, for plaintiffs.  *Hamner* and *Hays*, for  *W. H. Garland.* By the court:

ROST, J.  The plaintiff, who is a judgment creditor of *W. H. Garland,* caused property, in possession of said *Garland,* to be seized under execution.

*Garland,* as tutor of his minor children, filed a third opposition, praying that the seizure be set aside and the sale of the property enjoined, on the ground, that it was the  separate property of his wife, in her lifetime, and, at her death, descended to her children.  The under-tutor has also made himself a party to the proceeding, for the purpose of representing the minors, so far as their interest may conflict with that of their father.

The plaintiff answered the third opposition, alleging the simulation of the title set up by the heirs of *Mrs. Garland;* and, further, that the property was purchased during marriage, with the means of *Garland,* in the name of his wife, to screen it from the pursuit of his creditors.  That the wife having brought no dowry into marriage, could not sue for a separation of property, and the judgment, decreeing the dissolution of the community, was an absolute nullity.  That even if *Mrs. Garland* had any claim against her husband, it was for a  small amount, and she never had the means to purchase the property seized.

The district judge sustained the opposition, and the plaintiff has appealed.

In the case of *Davoc v. Darcy,* 6 R.R. 342, it was held, that the wife could, in certain cases, obtain a separation of property, although she had brought no dowry into marriage, and had no actual claims against her husband which could be endangered; and we have had occasion since, to affirm that principle, but the present case does not come within its operation, and is covered by the very letter of art. 2399 Civil Code.

*Mrs. Garland* had a claim against her husband, which the evidence shows to have been well founded, and this litigation is sufficient proof that it was endangered by the derangement of her husband's affairs.  The judgment she obtained was for the amount of that claim.

We think that hers was a proper case for a separation of property, and as there is nothing to impeach the fairness of the sale, made by her husband to her, of his furniture, in payment of her rights under the judgment, that sale is valid and binding upon the plaintiff.  See Civil Code, 2402.

The evidence adduced, to prove the origin of the means with which *Mrs. Garland* purchased the other property seized, is not satisfactory to a majority of the court, and if it should be true that the price paid for those purchases, was paid by the husband, the sales might well be considered as simulated.  In deference to the opinion of the district judge, we will remand the case to be tried before a jury.

PENN
*v.*
CROCKETT.

In making this disposition of the case we will remark, that it is unnecessary to examine the question, whether *Mrs. Garland* was bound to contribute, after the separation of property, to the household expenses, and to those of the education of her children—because, admitting that she was, this would not give the plaintiff the right to seize her property, as he has done.

It is ordered, that the judgment so far as it sustains the third opposition of the heirs of *Mrs. Garland*, in relation to the movables transferred by *W. H. Garland* to her, in satisfaction of her judgment against him, be affirmed. It is further ordered, that the judgment be otherwise reversed, and the case remanded for trial before a jury. It is further ordered, that the costs of this appeal be paid by the third opponent and appellee.